UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON JOSEPH CLARK, TAMAH JADA CLARK (both on their own behalf and that of "BABY CLARK"),<br><br>Plaintiffs,<br><br>vs.<br><br>DANIEL J. PORTER, GWINNETT COUNTY, et. al.<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 1:14-CV-2128-WBH |

## PUTATIVE DEFENDANT GWINNETT COUNTY POLICE DEPARTMENT AND DEFENDANTS GWINNETT COUNTY, CHARLES M. WALTERS, BUTCH CONWAY, JANE DOE # 1 (CHRISTA KENDRICK), AND TRACY GOODBAR'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY COMPENSATION IN LIEU OF THEIR ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COME NOW Putative Defendant Gwinnett County Police Department and Defendants Gwinnett County, Chief of Police Charles M. Walters, Sheriff Butch Conway, Jane Doe #1 (Christa Kendrick), and Tracy Goodbar (collectively referred to hereinafter as the "Gwinnett County Defendants"), by and through their undersigned counsel, and hereby submit this brief in support of their motion to dismiss Plaintiffs' amended complaint for injunctive relief and monetary

1

compensation in lieu of their answer and affirmative defenses to complaint and show as follows:

## I. STATEMENT OF RELEVANT FACTS

The Plaintiffs allege that they are "Floridian-American foreign nationals" who are "nonresident, nonimmigrant aliens" in the United States. *[Doc. 3, p.3]*. The Plaintiffs have filed this "Aliens' (Civil) Torts Action for Violation of Law of Nations & Treaty of the United States [28 U.S.C. § 1350]; and Civil Action Arising Under U.S. Constitution and Laws [28 U.S.C. § 1331]: Complaint for Injunctive Relief and Monetary Compensation" alleging that their rights under the Universal Declaration of Human Rights (UDHR) and various "articles" of the United States Constitution were violated not only by the Gwinnett County Defendants but also by a number of officers and officials of the State of Georgia and local police officials in multiple south Georgia jurisdictions.

The alleged claims against the Gwinnett County Defendants arise primarily out of two incidents, one of which occurred in September of 2009 and the other which occurred in August of 2010. In September of 2009, Plaintiff Jason Joseph Clark was allegedly arrested by members of the Gwinnett County Police Department, operating under the direction of Police Chief Charles M. Walters. Jason Joseph Clark was then transported to the Gwinnett County Detention Center

2

where he was allegedly held for eleven months because he was unable to post $200,000 bail. Ultimately, he was sentenced to a fifty year prison term. The Plaintiffs allege that Jason Joseph Clark was arrested and detained without probable cause, that he was arbitrarily detained, that he was held without trial or indictment by a grant jury, that excessive bail was imposed, that his property was seized without a lawful warrant, and that his detention amounted to kidnapping, all violations of various provisions of the UDHR and the Fourth, Fifth, Sixth, and Ninth Amendments to the United States Constitution. *[Doc. 3 Sect. I]*.

Plaintiffs also allege that in August of 2010, Plaintiffs Tamah Jada Clark and Baby Clark, an unidentified minor child, were unlawfully arrested and abducted from the State of Florida to the State of Georgia by two employees of the Gwinnett County District Attorney's Office, Tracy Goodbar and Jane Doe #1, operating under the direction of Gwinnett County District Attorney Daniel J. Porter. The Plaintiffs allege that these actions were an unlawful kidnapping that resulted in the unreasonable search and seizure of persons and property and a violation of their freedom of movement, in violation of the UDHR and the Fourth and Ninth Amendments to the United States Constitution. *[Doc. 3, Sect. VII]*.

The Plaintiffs further allege that Tamah Jade Clark and Baby Clark were transported by Tracy Goodbar and Jane Doe #1 to the Gwinnett County Detention

Center, where Tamah Jade Clark, while holding Baby Clark, was tackled and arrested by deputies of the Gwinnett County Sheriff's Office, operating under the direction of Gwinnett County Sheriff Butch Conway. Tamah Jade Clark was allegedly detained in the all-male suicide ward of the Detention Center for an unspecified number of days. The Plaintiffs also allege that the arrest and detention of Tamah Jade Clark was unlawful and deprived both Tamah Jade Clark and Baby Clark of their liberty without due process of law in violation of the Fifth and Ninth Amendments to the United States Constitution. The Plaintiffs also allege that the detention of Tamah Jade Clark was cruel and degrading in violation of the UDHR. *[Doc. 3 Sect. VIII]*.

Additionally, the Plaintiffs allege that Baby Clark was kidnapped and removed from Tamah Jade Clark's custody at the Gwinnett County Detention Center by sheriff's deputies and representatives of Gwinnett County Child Protective Services. The removal allegedly resulted in Tamah Jade Clark and Jason Joseph Clark's property rights in their child being deprived without due process of law in violation of the Fifth Amendment to the United States Constitution. The Plaintiffs further allege that the removal of Baby Clark was a kidnapping that violated their rights under the UDHR and the Ninth Amendment to the United States Constitution. *[Doc. 3 Sect. IX]*.

4

In regard to the Gwinnett County Defendants, the Plaintiffs final allegation is that in September of 2010, following her release from the Gwinnett County Detention Center, unspecified Gwinnett County officials conspired with Mitchell County officials in placing defamatory and false stories about Tamah Jade Clark in the media and online following her arrest by the Pelham Police Department. Such actions allegedly violated Tamah Jade Clark's due process rights under the Fifth Amendment to the United States Constitution and her right to remain innocent until proven guilty and right to privacy under the UDHR. *[Doc. 3 Sect. XIII]*.

Based on these allegations the Plaintiffs named Gwinnett County, the Gwinnett County Police Department, Charles M. Walters (Chief of Police Gwinnett County Police Department), Butch Conway (Gwinnett County Sheriff), and Tracy Goodbar and Jane Doe #1 (investigators in the Gwinnett County District Attorney's Office) as defendants in this lawsuit. *[Doc.3]*. The Plaintiffs served notice of this suit and request for waiver of service for Jane Doe #1 upon Christa Kendrick, an investigator with Gwinnett County District Attorney's Office. *[Attached Exhibit "A"]*.

In regard to the Gwinnett County Defendants, the Plaintiffs seek compensation for the alleged violations of their rights under the UDHR and the Fourth, Fifth, Sixth, and Ninth Amendments to the United States Constitution.

Additionally, the Plaintiffs requested injunctive relief in regard to the release of Jason Joseph Clark from the custody of the Georgia Department of Corrections. The Plaintiffs also seek the injunctive relief of the "removal from Georgia" of all notices and records suggesting that Jason Joseph Clark, Tamah Jade Clark, and Baby Clark have United States citizenship or personhood, or are residents of the State of Georgia, including driver's licenses, birth certificates, voter registration records, and vehicle registration records. *[Doc. 3. p. 44.]*

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Legal standard

F.R.C.P. 8(c)(1) provides that in responding to a pleading, a party must affirmatively state any affirmative defense, including the defense of statute of limitations. Also, F.R.C.P. 12(b)(6) states that a party may assert the defense of failure to state a claim upon which relief can be granted by motion in lieu of a responsive pleading.

### B. The Plaintiffs failed to state a claim upon which relief can be granted

#### 1. Universal Declaration of Human Rights Claims.

In their complaint, the Plaintiffs assert a number of claims arising from rights allegedly secured by the UDHR. However, the Eleventh Circuit Court of Appeals has recently held that "[t]he rights secured by the [UDHR] are not federal

6

rights" when it upheld the dismissal of a pro se inmate's claim that his treatment while incarcerated violated the provisions of the UDHR. Moore v. McLaughlin, 2014 WL 2619804 at *6 (11th Cir. 2014). Because the UDHR does not secure federal rights, all of the Plaintiffs' various claims arising from the UDHR against the Gwinnett County Defendants fail to state claims upon which relief can be granted.

2. Constitutional Claims.

In addition to their claims arising under the UDHR, the Plaintiffs have asserted a number of claims of violation of rights secured by various provisions of the Bill of Rights by Gwinnett County Defendants. *[Doc. 3 Sects. I, VII, VIII, IX, and XIII]*. In asserting these constitutional claims, the Plaintiffs have asserted claims directly under the Fourth, Fifth, Sixth, and Ninth Amendments to the United States Constitution and have failed to assert a claim under 42 U.S.C. § 1983 (hereinafter "Section 1983").

"Where federal statutes provide a remedy to redress alleged constitutional violations, 'there can be no independent implied cause of action under the Constitution.'" American General Life and Accident Insurance Co. v. Ward, 509 F. Supp.2d 1324, 1334 (N.D.Ga. 2007), quoting Hamilton v. City of New York, 1999 WL 632851 at *5 (S.D.N.Y. 1999). See Anderson v. Edwards, 505 F. Supp. 1043,

1048 (S.D. Ala. 1981), Thomas v. Shipka, 818 F.2d. 496, 499 (6th Cir. 1987), Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d. 704, 705 (9th Cir. 1992), and Newman v. State of Indiana, 129 F.3d. 937, 942 (7th Cir. 1997). Because Section 1983 provides a statutory remedy to redress the alleged violations of the Plaintiffs' constitutional rights, there is no implied cause of action under any of the amendments cited by the Plaintiffs in their complaint. Having failed to assert any claims against the Gwinnett County Defendants under Section 1983, the Plaintiffs have failed to assert a claim upon which relief can be granted.

3. Injunctive Relief.

In addition to their demand for monetary damages in the amount of two billion dollars, for which they have not asserted any valid claims upon which relief can be granted against Gwinnett County Defendants, the Plaintiffs have also asserted two demands for injunctive relief. *[Doc. 3 p. 43]*. The first demand for injunctive relief is for the release of Jason Joseph Clark from the custody of the Georgia Department of Corrections. *[Id.]*. None of the Gwinnett County Defendants exert any authority or control over either Jason Joseph Clark or the Georgia Department of Corrections. As such the Plaintiffs' first demand for injunctive relief is a claim that cannot be granted against any of the Gwinnett County Defendants.

The second demand for injunctive relief is for the "removal from Georgia" of various documents. *[Id.]*. The Plaintiffs have failed to identify any documents or records held by any of the Gwinnett County Defendants they desire removed from Georgia and the specific documents listed are not in the custody or control of any of the Gwinnett County Defendants. Therefore, the Plaintiffs' second demand for injunctive relief states a claim that cannot be granted against any of the Gwinnett County Defendants.

**C. The Plaintiffs' Complaint is barred by the two-year statute of limitations**

Even if the Plaintiffs' constitutional claims are liberally construed as rising to the level of implied Section 1983 complaints, such claims would be barred by the applicable statute of limitations. The Plaintiffs' asserted claims against the Gwinnett County Defendants arise from: (1) Jason Joseph Clark's arrest in September of 2009; (2) Jason Joseph Clark's conviction in August of 2010; (3) Tamah Jada Clark and Baby Clark's alleged transit from Florida to Georgia in August of 2010; and (4) Tamah Jada Clark's alleged detention at the Gwinnett County Detention Center in August of 2010. *[Doc. 3, Sections I, VII, VIII, and IX]*.

For Section 1983 claims, Georgia's two-year statute of limitations governing personal injuries applies. O.C.G.A. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues…"); Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) ("The proper limitations period for all Section 1983 actions in Georgia is the two-year limitations period set forth in O.C.G.A. § 9-3-33."). Therefore, the statute of limitations on the Plaintiffs' claims expired no later than and August of 2012. As a result, the Plaintiff's claims are barred by the applicable statute of limitations and the Plaintiffs fail to state a claim against Defendants upon which relief can be granted.

**D.  Putative Defendant Gwinnett County Police Department is not a legal entity capable of being sued, and therefore must be dismissed from suit.**

It is well-settled that a police department is not a proper party to a lawsuit because it is not a legal entity capable of being sued. "Subdivisions of local governments, such as [a] police department, generally are not legal entities subject to suit." DeLoach v. Marietta Police Department, 2009 WL 2486324 (N.D. Ga., August 12, 2009) citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, "are not usually considered legal entities subject to suit"). The Police Department is a department of the Gwinnett County

Board of Commissioners and "merely the vehicle through which the [local] government fulfills its policing functions." Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). In Shelby, the Court dismissed the plaintiff's claim against the City of Atlanta Police Department finding that the Police Department is not an entity subject to suit. Id. (citing Babb v. Parker, C82-941A (N.D. Ga., filed June 23, 1982); Raqusa v. Streator Police Dep't., 530 F. Supp. 814 (N.D. Ill. 1981); State of Mo. Ex Rel. Gore v. Wochner, 475 F. Supp. 274 (E.D. Mo. 1979).

Similarly, the Eleventh Circuit dismissed a lawsuit against the Jefferson County Sheriff's Department, specifically holding that the "Sheriff's Department" is not a legal entity and not subject to suit or entity liability. Dean, 951 F.2d at 1214. The Eleventh Circuit has also dismissed a Section 1983 claim against the DeKalb County Sheriff's Department irrespective of the merits, and noted that the District Court had found the Sheriff's Department lacked the independent capacity under Georgia law to be a proper defendant in a lawsuit. Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) *cert denied* 120 S.Ct. 1974 (2000).

Similarly, the "Police Department" is not an independent legal entity recognized by Georgia law as having the capacity to be sued. Georgia law requires that "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368

S.E.2d 500, 502 (1988) (quoting Cravey v. Southeastern Underwriters Ass'n, 214 Ga. 450, 105 S.E.2d 497, 500 (1958)). The "Police Department" is not a proper party because it is not an entity capable of being sued and, therefore, not a real defendant. Instead, it is simply an artificial internal mechanism through which the functions of the police are performed. It has no independent or separate existence established by the Georgia Constitution or statutory authority.

Furthermore, in Brownlee v. Dalton Board of Water, 59 Ga. App. 538, 1 S.E.2d 599 (1939), the Georgia Court of Appeals held that a city department was not a separate and distinct corporate entity from the City itself and was not subject to suit for damages. Accordingly, the "Police Department" is not a separate and distinct independent entity from the County itself and therefore is not subject to suit. *See, also*, Cook v. Colquitt County Board of Education, 261 Ga. 841, 412 S.E.2d 828 (1992); Georgia Insurers Insolvency Pool, 258 Ga. at 319. Accordingly, the Plaintiffs' Complaint against the Gwinnett County Police Department must be dismissed.

E. **Plaintiff Tamah Jada Clark did not have authority to file a complaint on behalf of Jason Joseph Clark or Baby Clark.**

There is no legal basis upon which Plaintiff Tamah Jada Clark had authority to file the present complaint on behalf of Jason Joseph Clark or Baby Clark. The

Plaintiffs' complaint was only signed by Tamah Jada Clark. *[Doc. 3 p. 44]*. Tamah Jada Clark purports to sign the complaint on behalf of all three of the plaintiffs. *[Id]*. Federal law and the Civil Local Rules of this Court generally allows only the person for whom relief is sought or a licensed and admitted lawyer to make pleadings and conduct cases in this Court. See 28 U.S.C. § 1654 and LR 83.1, NDGa.

The online member's directory of the State Bar of Georgia does not show a Tamah Clark as being an attorney licensed to practice law in the State of Georgia. Furthermore, Magistrate Judge Linda T. Walker has reported and recommended to this Court that Tamah Jada Clark is not an attorney licensed in Georgia or a member of the bar of this Court, and had no authority to file a Habeas Corpus petition on behalf of Jason Joseph Clark in a separate case before this Court. Clark v. Williams, 1:14-cv-2703-WBH-LTW, Doc. 11. Because the Plaintiffs' complaint is only signed by Tamah Jada Clark, and she is not a licensed attorney, she does not have the authority to represent or enter pleadings on behalf of Jason Joseph Clark or Baby Clark. Accordingly, all provisions of the Plaintiffs' Complaint against the Gwinnett County Defendants asserting claims or requesting remedies for Jason Joseph Clark and Baby Clark must be dismissed.

III. <u>CONCLUSION</u>

For all of the aforementioned reasons, the Gwinnett County Defendants pray that the Plaintiffs' lawsuit is dismissed in its entirety.

Respectfully submitted this 25th day of September, 2014.

/s/ Michael P. Ludwiczak
MICHAEL P. LUDWICZAK
Chief Assistant County Attorney
Georgia Bar No. 460765
mike.ludwiczak@gwinnettcounty.com

**PLEASE DESIGNATE AS
LEAD COUNSEL AND SERVE
ALL NOTICES UPON:**

/s/ Douglas Stuart Morelli
DOUGLAS STUART MORELLI
Senior Assistant County Attorney
Georgia Bar No. 103207
stuart.morelli@gwinnettcounty.com

Attorneys for Defendants Gwinnett County, Gwinnet County Police Department, Charles M. Walters, Butch Conway, Tracy Goodbar, and Jane Doe #1(Christa Kendrick)

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700
(770) 822-8790 (Facsimile)



AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

Jason Joseph Clark, Tamah Jada Clark
*Plaintiff*
v.
DANIEL J. PORTER, NATHAN DEAL, ET AL.
*Defendant*

Civil Action No. 1:14-CV-2128

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Jane Doe #1 (Christa Kendrick)
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: July 29, 2014

*Signature of the attorney or unrepresented party*

Tamah Jada Clark
*Printed name*

6901-A N. 9th Ave. #429, Pensacola, Florida [32504]
*Address*

TamahJClark@gmail.com
*E-mail address*

(850) 512-6642
*Telephone number*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON JOSEPH CLARK, <br> TAMAH JADA CLARK (both on their own behalf and that of "BABY CLARK"), <br><br> Plaintiffs, <br><br> vs. <br><br> DANIEL J. PORTER, GWINNETT COUNTY, et. al. <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. 1:14-CV-2128-WBH |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PUTATIVE DEFENDANT GWINNETT COUNTY POLICE DEPARTMENT AND DEFENDANTS GWINNETT COUNTY, CHARLES M. WALTERS, BUTCH CONWAY, JANE DOE # 1 (CHRISTA KENDRICK), AND TRACY GOODBAR'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY COMPENSATION IN LIEU OF THEIR ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** was this day electronically filed with the Clerk of Court and served upon Plaintiffs via United States mail addressed as follows:

Tamah Jada Clark
6901-A N. 9th Ave. #429
Pensacola, FL 32504

This 25th day of September, 2014.

/s/ Douglas Stuart Morelli
DOUGLAS STUART MORELLI

Senior Assistant County Attorney
Georgia Bar No. 103207
stuart.morelli@gwinnettcounty.com

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700
(770) 822-8790 (Facsimile)