# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF GEORGIA
# (ATLANTA DIVISION)

| | | |
|---|---|---|
| **Jason Joseph Clark,** <br> **Tamah Jada Clark** (both on their own <br> behalf and that of "Baby" Clark), <br><br> Plaintiffs <br><br> v. <br><br> DANIEL J. PORTER, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:14-cv-02128-WBH <br><br> **Civil Action No.** _____ |

## PLAINTIFFS' MOTION

### TO DENY DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (IN LIEU OF THEIR ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT); AND ATTACHED BRIEF/MEMORANDUM IN SUPPORT THEREOF

*In a Motion dated Thursday, September 25, 2014—though received by Plaintiffs*

*via U.S.P.S mail on Tuesday, September 30, 2014—defendants GWINNETT*

*COUNTY POLICE DEPARTMENT, GWINNETT COUNTY, CHARLES M.*

*WALTERS, BUNCH CONWAY, JANE DOE #1 (CHRISTA KENDRICK), and*

*TRACY GOODBAR (all of Gwinnett County, GA); collectively referred to*

*hereinafter as "G.C. Defendants", by and through their counsel, Douglas Stuart*

*Morelli, submitted a motion to dismiss Plaintiffs' Original Complaint [Amended July 15, 2014] for injunctive relief and monetary compensation—in lieu of their answer and affirmative defenses to said Complaint—based upon the fallacious presupposition that Plaintiffs have failed to state a claim upon which relief can be granted.*

**COME NOW** PLAINTIFFS, to acknowledge G.C. Defendants' attempt at proving their fallacious presupposition and move this Court to DENY their Motion to Dismiss for failure to state a claim upon which relief can be granted because Plaintiffs have not failed to state a claim, G.C. Defendants have simply failed to understand Our statement of claim, as will be readily demonstrated in the accompanying Brief/Memorandum attached hereto.

For the **UNREPRESENTED** Plaintiffs,
*(Signed Thursday, October 2, 2014).*

Mrs. Tamah Jada Clark
6901-A N. 9th Ave #429
Pensacola Florida [32504]
(850) 512-6642
TamahJClark@gmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT - 8 2014

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

Jason Joseph Clark, )
Tamah Jada Clark (both on their own )
behalf and that of "Baby" Clark), )
)
    Plaintiffs )
)
v. )
)
DANIEL J. PORTER, et al., )
)
    Defendants )

1:14-cv-02128-WBH

Civil Action No._____

## PLAINTIFFS' BRIEF/MEMORANDUM

IN SUPPORT OF PLAINTIFFS' MOTION TO DENY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (IN LIEU OF
THEIR ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT)

*Though all possible lawful contentions in opposition to Plaintiffs' Original*

*Complaint [Amended July 15, 2015] have been invalidated ipso facto by way of*

*'Exhibit A' attached thereto; defendants GWINNETT COUNTY POLICE*

*DEPARTMENT, GWINNETT COUNTY, CHARLES M. WALTERS, BUNCH*

*CONWAY, JANE DOE #1 (KRISTA KENDRICK), and TRACY GOODBAR (all*

*of Gwinnett County, GA); collectively referred to hereinafter as "G.C.*

*Defendants", by and through their counsel, Douglas Stuart Morelli, submitted a*

*motion to dismiss Plaintiffs' Original Complaint [Amended July 15, 2014] for*

*injunctive relief and monetary compensation—in lieu of their answer and*

*affirmative defenses to said Complaint—based upon the fallacious*

*presupposition that Plaintiffs have failed to state a claim upon which relief can*

*be granted.*


**COME NOW** PLAINTIFFS, to acknowledge G.C. Defendants' futile attempt at

validating their above-referenced fallacious presupposition, by dissecting and

defeating their Brief submitted in support thereof, from start to finish.


## SECTION I.

1) On page 2 of G.C. Defendants' Brief, under *I. Statement of Relevant Facts*, they

commence as follows:

> *"The Plaintiffs allege that they are 'Floridian-American foreign nationals'*
> *who are 'nonresident, nonimmigrant aliens' in the United States. [Doc. 3,*
> *p.3]. The Plaintiffs have filed this 'Aliens' (Civil) Torts Action for Violation*
> *of Law od Nations & Treaty of the United States [28 U.S.C. § 1350]; and*

*Civil Action Arising Under the U.S. Constitution and Laws [28 U.S.C. § 1331]: Complaint for Injunctive Relief and Monetary Compensation' alleging that their rights under the Universal Declaration of Human Rights (UDHR) and various 'articles' of the United States Constitution were violated not only by the Gwinnett County Defendants but also by a number of officers and officials of the State of Georgia and local police officials in multiple south Georgia jurisdictions. "*

With the exception of the interjected doubtful tone and accusation that We, the Plaintiffs, are merely "alleging" that which G.C. Defendants have quoted in the excerpt above, Plaintiffs hereby affirm the validity of the above-stated facts; Plaintiffs are Floridian-American foreign nationals whose ***unalienable* human rights** have been violated; We are not nationals (or citizens) of the present-day United States Federal or State governments, as defined at 8 U.S.C. § 1101 (a)(22). To the contrary, We are freemen whose ***unalienable* human rights** are recognizable under the Constitution for the United States Republic—1787.

2) Also on page 2 (and leading into page 3) of that Brief, G.C. Defendants state as follows:

*"In September of 2009, Plaintiff Jason Joseph Clark was allegedly arrested by members of the Gwinnett County Police Department, operating under the*

*direction of Police Chief Charles M. Walters. Jason Joseph Clark was then*
*transported to the Gwinnett County Detention Center where he was*
*allegedly held for eleven months [...]. The Plaintiffs allege that Jason*
*Joseph Clark was arrested and detained without probable cause, that he was*
*arbitrarily detained, that he was held without trial or indictment by a*
*gran[d] jury, that excessive bail was imposed, that his property was seized*
*without a lawful warrant, and that his detention amounted to kidnapping [;]*
*all violations of various provisions of the UDHR and the Fourth, Fifth,*
*Sixth, and Ninth Amendments to the United States Constitution."*

G.C. Defendants 'reiteration of the crimes against Us, the Plaintiffs, is fairly

accurate. However, We must object to and correct the slight misquotation that has

occurred as a result of their having separated G.C. Defendants' crimes from the

corresponding Articles of the U.S. Constitution, which results in a slight

miscommunication of the pertinent principle contained therein: the above crimes

may or may not be deemed such according to the Official Georgia Code/State Law

or the United States Code (the determination of which is entirely irrelevant in the

present action); however, they are all crimes with respect to the U.S. Constitution

when committed by "citizens of the United States" (a legal status) as defined at 8

U.S.C. § 1101 (a) (22)—whom are NOT in possession of unalienable human rights

under said legal status—against freemen (Plaintiffs) in possession of the highest

form of rights recognizable under the U.S. Constitution: ***unalienable*** **human**

**rights**. (See U.S. Constitution). Therefore, the above-quoted crimes are properly

and more accurately quoted when done in context, identifying said crimes as such

SPECIFICALLY due to their violation of the U.S. Constitution; all U.S. Codified

(State and/or Federal) statutes **NOTWITHSTANDING**.


**3)** Later, still on page 3 of G.C. Defendants' Brief, they say:

> *"Plaintiffs also allege that in August of 2010, Plaintiffs Tamah Jada Clark*
> *and Baby Clark, an unidentified minor child, were unlawfully arrested and*
> *abducted from the State of Florida to the State of Georgia by two employees*
> *of the Gwinnett County District Attorney's Office [:] Tracy Goodbar and*
> *Jane Doe #1[;] operating under the direction of Gwinnett County District*
> *Attorney Daniel J. Porter. The Plaintiffs allege that these actions were an*
> *unlawful kidnapping that resulted in the unreasonable search and seizure of*
> *persons and property and a violation of their freedom of movement, in*
> *violation of the UDHR and the Fourth and Ninth Amendments to the United*
> *States Constitution."*


Plaintiffs' above allegations are proper and true. Their own State records (G.C.

Defendants') reflect that the above-events did in fact take place, without question;

of that there can be no contestation, as the documented evidence can be found in

the GWINNETT COUNTY SUPERIOR COURT records in plaintiff Jason Joseph Clark's case file. (See 28 U.S.C. § 1738). Now, as to whether or not said actions of G.C. Defendants were lawful or unlawful—that is easily determined: We, the Plaintiffs have already—countless times, at this point—stated (and *continue* to do so), that those individuals acted without our consent, thus making their actions against us unlawful[1]; of that there can be no doubt. (See Declaration of Independence). Being that Plaintiffs are in full possession of their ***unalienable human rights*** recognizable by the U.S. Constitution and the UDHR, the aforementioned G.C. Defendants and their aforementioned actions—(perpetrated without Plaintiffs' consent),—were *unlawful* and constitute every last crime indicated by Plaintiffs in the Original Complaint as [Amended July 15, 2014].

Within the same aforementioned excerpt, G.C. Defendants inaccurately (and insultingly) refer to underage plaintiff "Baby" Clark as *"an unidentified minor child"*, which he is not. Firstly, he is not "an" [random and/or unimportant] child; he is **Our**, (Plaintiffs Tamah Jada Clark's and Jason Joseph Clark's), *messianic* 5-

---

[1] "We hold these truths to be self-evident: that all men are created equal [unless they have contracted themselves into a diminished legal status, such as "citizen of the United States"]; that they are endowed, by their Creator, with certain unalienable rights; that among these are life, liberty, and the pursuit of happiness. That to secure these rights, governments are instituted among men, **deriving their just powers from the <u>consent</u> of the governed [...]**" ,[emphasis added]. <u>Declaration of Independence—1776.</u>

year-old GOLDEN child whose God-given and parentally-protected Rights—(that will be properly avenged in a *real* court of Justice, REGARDLESS of this Court's unrelenting and ***laughable*** bias in favor of the Defendants)—the G.C. Defendants and their co-conspiring co-defendants have made the ***grave*** and unforgivable mistake of [cowardly] offending, in a manner characteristic of lobotomized Neolithic cavemen. If "Baby" Clark and all pertinent information pertaining to him that was included in the Original Complaint [Amended July 15, 2014] is not available in the Court record, then it is only because the Court has omitted such information—which is not doubtful, and would indicate that the Court has also omitted pertinent information to the present action regarding Plaintiffs that was attached thereto. Big Surprise.

4) G.C. Defendants then proceed on page 4 of their Brief by drawing attention to their barbaric, shamefully reprimandable actions:

> *"The Plaintiffs also allege that the arrest and detention of Tamah Jad[a] Clark was unlawful and deprived both Tamah Jad[a] Clark and ["]Baby["] Clark of their liberty without due process of law in violation of the Fifth and Ninth Amendments to the United States Constitution."*

Plaintiffs respond with the following irrefutable statement: arresting and detaining someones (plaintiffs Tamah Jada Clark and "Baby" Clark) over whom G.C. Defendants have NO AUTHORITY, NO JURISDICTION, and NO CONSENT would, in fact, constitute improper actions on their part. Further, confining someone with ***unalienable* human rights** detained under the aforementioned circumstances whom were neither charged with nor suspected of crime—by their own admission, (see GWINNETT COUNTY SUPERIOR COURT case file records for Jason Joseph Clark)—also equates to violations of the U.S. Constitution and UDHR concerning due process *of law*. All of G.C. Defendants, (and particularly the ones mentioned in the proceeding excerpt), are self-admittedly, openly-declared *"citizens of the United States"* as contemplated at 8 U.S.C. § 1101(a)(22) ; and, are therefore, NOT CAPABLE of *lawfully* exercising political-sovereign-authority over Plaintiffs (without their consent), in the United States—as dictated and pre-determined by the Supreme Law of the Land. (See U.S. Constitution).


**5)** G.C. Defendants continue on page 4 of their Brief, through the end of section I., (*Statement of Facts*), on page 6 from whence they commence section II: their

so-called [futile] ["] *Argument* ["] *and* [irrelevant]["]*Citation of Authority*["];

the intervening verbiage of which is just a continuation of G.C. Defendants'

monotonous FIVE AND A HALF paged narration regarding their somewhat

misquoted and miscommunicated, grammatically-ill reiteration of the events

that led to the present action, which have already been fully expounded in the

**38-page** Original Complaint [Amended July 15, 2014]; but, nevertheless, thank

you, G.C. Defendants for your best efforts. Thus, without reinventing the wheel

for the second time, Plaintiffs will just summarize their/Our response to the

aforementioned verbiage as follows: <u>See</u> Original Complaint [Amended July

15, 2014].


## **SECTION II.**


**1)** On page 6 of their Brief, G.C. Defendants (FINALLY) begin their *futile*

Argument and *pointless* Citation of Authority by stating:

> *"In their complaint, the Plaintiffs assert a number of claims arising from*
> *rights allegedly secured by the UDHR. However, the Eleventh Circuit*
> *Courts of Appeals has recently held that '[t]he rights secured by the*
> *[UDHR] are not federal rights' when it upheld the dismissal of a pro se*
> *inmate's claim that his treatment while incarcerated violated the provisions*

*of the UDHR. <u>Moore v. McLaughlin</u>, 2014 WL 2619804 at \*6 (11th Cir. 2014). Because the UDHR does not secure federal rights, all of the Plaintiffs; various claims arising from the UDHR against the Gwinnett County Defendants fail to state claims upon which relief can be granted. "*

This one is easy…We, the Plaintiffs, are <u>NOT</u> attempting to secure federal rights via the UDHR. Duh. ***Unalienable human rights*** are <u>NOT</u> federal rights. Duh, again. G.C. Defendants' "argument" was futile and their "citation of authority" was irrelevant. Plaintiffs have not failed to state a claim; G.C. Defendants have FAILED to understand the statement of claim.

And if within the irrelevantly-cited case *<u>Moore v. McLaughlin</u>*, that Court did in fact uphold a dismissal against that individual—(Plaintiffs have not and will not waste their time reading that irrelevant case)—in the manner that G.C. Defendants have stated, then it is because he/she filed his/her lawsuit as a "citizen of the United States" in possession of federal rights, as oppose to an alien (politically/legally-speaking) to the United States (body politic, not land mass). "Citizens of the United States" <u>DO NOT</u> have human or unalienable rights, from a legal standpoint; they have legislatively-**GRANTED** privileges/(fake "rights") under the provisions of the 14th amendment to the United States Constitution of

1787. And what one giveth, he can take away—that does not equate to

unalienablility. Duh. Come on people, keep up! We have already gone over this in

great detail and Plaintiffs are getting tired of repeating themselves concerning these

elementary concepts.

**2)** Then, on page 7, G.C. Defendants state the following ludicrousness, in their
Brief:

> *"In addition to their claims arising under the UDHR, the Plaintiffs have*
> *asserted a number of claims of violation of rights secured by various*
> *provisions of the Bill of Rights by Gwinnett County Defendants. [Doc. 3*
> *Sects. I, VII, VIII, IX, and XIII]. In asserting these constitutional claims, the*
> *Plaintiffs have asserted claims directly under the Fourth, Fifth, Sixth, and*
> *Ninth Amendments to the United States Constitution and have failed to*
> *assert a claim under 42 U.S.C. § 1983 (hereinafter "Section 1983").*

Dear G.C. Defendants, We, the Plaintiffs HAVE NOT and WILL NOT assert

anything under Title 42 of the United States Code; Title 42 contains FEDERAL

RIGHTS. We, the Plaintiffs (as non-U.S. persons/non-U.S. nationals/non-U.S.

citizens) are <u>NOT</u> claiming federal rights—We are claiming constitutionally-

recognized ***unalienable* <u>human rights</u>**. The provisions of the U.S. Constitution are

self-enforcing and do not need the United States Code or any other legislated laws (State or Federal) for their observance. Duh. Why would the greater/Organic Law need lesser/secondary/statutory laws for its validation? Answer: IT DOESN'T! G.C. Defendants' aforementioned premise is dumb and does not even make sense from a logical standpoint. Plaintiffs have not failed to state a claim, G.C. Defendants have FAILED to understand the statement of claim; they obviously do not understand WHAT the Constitution is, WHO they are, and *what it all means*.

3) Now on page 8 of their Brief, G.C. Defendants then proceed to cite more IRRELEVANT case "law"—(that has so many little numbers and characters that Plaintiffs will not even indulge them via reiteration)—to [unsuccessfully] support their [futile] assertion that:

> *"Because Section 1983 provides a statutory remedy to redress the alleged violations of the Plaintiffs' constitutional rights, there is no implied cause of action under any of the amendments cited by the Plaintiffs in their complaint. Having failed to assert any claims against the Gwinnett County Defendants under Section 1983, the Plaintiffs have failed to assert a claim upon which relief can be granted."*

Firstly, the "citations of authority" used directly before the above-excerpt in G.C. Defendants' Brief, are cases that are NOT reflective of Plaintiffs' **domicile**; and thus, cannot be utilized to substantiate any claims based thereupon, against Us, the Plaintiffs.

Furthermore, as has already been heretofore discussed, constitutional and other *unalienable* **human rights** do not need codified laws for their assertion and proper redress resulting from their violation. Simply stating which Articles of the Constitution have been violated in the perpetration of the acts against Us, the Plaintiffs—as delineated in the Original Complaint [Amended July 15, 2014]— is the only statement of claim needed. (See U.S. Constitution). Plaintiffs have not failed to state a claim, G.C. Defendants have FAILED to understand the statement of claim.

4) Page 8 of G.C. Defendants' Brief ends with foolish and horribly misquoted statements pertaining to the injunctive relief sought by Plaintiffs, as follows:

*"In addition to their demand for monetary damages in the amount of two billion dollars […]the Plaintiffs have also asserted two demands for*

*injunctive relief. [Doc. 3 p. 43]. The first demand for injunctive relief is for the release of Jason Joseph Clark from the custody of the Georgia Department of Corrections. [Id.]. None of the Gwinnett County Defendants exert any authority or control over either Jason Joseph Clark or the Georgia Department of Corrections. As such the Plaintiffs' first demand for injunctive relief is a claim that cannot be granted against any of the Gwinnett County Defendants."*

Firstly, We, the Plaintiffs have demanded **TWENTY** (20) billion dollars in monetary damages, not two (2) billion. (See Civil Cover Sheet prefacing Original Complaint [Amended July 15, 2014], as well as Original Complaint [Amended July 15, 2014] itself). And secondly, it has been well-established that G.C. Defendants NEVER exercised lawful authority over Plaintiff Jason Joseph Clark, which is the very reason they are being SUED for interacting with him in the way that they did. (See Original Complaint [Amended July 15, 2014]. It is irrelevant as to whether or not the G.C. Defendants exercise direct authority over the Georgia Department of Corrections, as they have not been brought before the Court to answer for the actions of another over which they may or may not have control; but to pay for what they do and did have control over and the residual effects resulting therefrom. If something does not concern you, G.C. Defendants, then how about

not concerning yourselves with it—in a pathetic attempt at excusing yourselves

from that which unquestionably DOES concern you—because it will not help you

escape responsibility for your own actions, in the present action. You were *very*

**bold** while/in doing the foul and disgustingly despicable things you did to

Plaintiffs (as outlined in Original Complaint [Amended July 15, 2014]) <u>in the dark,</u>

thinking no one would ever find out, so do not try to run now that you are made to

answer for your actions.


**5)** Their Brief picks up on page 9, with G.C. Defendants further attempting to

wiggle their way out of liability by drawing attention to the actions and

liabilities of others:

> *"The second demand for injunctive relief is for the 'removal from Georgia'*
> *of various documents. [Id.]. The Plaintiffs have failed to identify any*
> *documents or records held by any of the Gwinnett County Defendants they*
> *desire removed from Georgia and the specific documents listed are not in*
> *the custody or control of any of the Gwinnett County Defendants. Therefore,*
> *the Plaintiffs' second demand for injunctive relief states a claim that cannot*
> *be granted against any of the Gwinnett County Defendants."*

Neither G.C. Defendants nor even the State of Georgia are sovereign within the United States (political territory)—which is why you were drug into federal court; because, under the *current* system, the United States Federal Government is exercising sovereignty superior to that of the *de facto* state governments, (can't you tell?). Accordingly, this Court (acting on behalf of the United States Federal Government)—being superior to ALL State courts—can command that G.C. Defendants and their co-defendants remove all record of Plaintiffs from their records; and yes, G.C. Defendants DO have records of us, unless said Defendants are suggesting that there is no paper trail in Gwinnett County, to which they have access, regarding Plaintiffs; there most certainly is. Since G.C. Defendants seem to have come down with a case of amnesia and obliviousness, here are a few examples of documents that may suggest Plaintiffs have U.S. citizenship, which would need to be updated and/or removed: police records, court records (in the GWINNETT COUNTY Superior Court), etc.).

6) The ensuing claim in their Brief begins on page 9 and consists of G.C. Defendants suggesting that there is a statute of limitations on constitutionally-protected rights:

> *"Even if the Plaintiffs' constitutional claims are liberally construed as rising to the level of implied Section 1983 complaints, such claims would be barred by the applicable statute of limitations."* [yadda, yadda, yadda...].

By now, it should be crystal clear that there is NO STATUTE OF LIMITATIONS on constitutionally-protected rights. G.C. Defendants' above claim makes no sense at all. We, the Plaintiffs, have not made a STATUTORY claim under U.S. Statutory Law; Our claims arise under the U.S.' ORGANIC Law, thus there is no *statutory* limitation.

7) Shortly after trying to apply statutory limitations to the U.S. Constitution (ha ha ha!), on page 10, G.C. Defendants' Brief indicates that they believe the Gwinnett County Police Department is not capable of being sued, and they attempt to use yet more irrelevant case "law" to support their claim:

> *"It is well-settled that a police department is not a proper party to a lawsuit because it is not a legal entity capable of being sued. 'Subdivisions of local governments, such as [a] police department, generally are not legal entities subject to suit.' DeLoach v. Marietta Police Department, 2009 WL 2486324 (N.D. Ga., August 12, 2009)"* [yadda, yadda, yadda...].

Dear naïve G.C. Defendants, nearly EVERYTHING in the current United States is FOR RENT/SALE and most everything has shareholders and is listed on stock markets throughout the world, in one form or another—even you! (ha ha ha). The United States Government has been very busy trading, selling, and liquidating all of its property/stock/bonds for *years and years*. You didn't know? Our point is: the Gwinnett County Police Department most certainly has shareholders, and whoever they are, they need to step forward and ***share*** whatever it is they may be ***holding***, with Us, the Plaintiffs—*pronto,* tonto!

Again, G.C. Defendants, this action was filed as an ALIENS' Tort Action. Do you know what that means? It means that We, the Plaintiffs are **ALIENS** (per the U.S. Constitution) so stop trying to cite your domestic case law against Us; We are FOREIGNERS. You said yourself, GENERALLY police departments are not legal entities subject to suit, but **not** *absolutely*. That is, for you—citizens of the United States—, you are unable to seek remedy; but for Us, We are, and We will.

**8)** Beginning on page 12 of their Brief, in a mundane and desperate last-resort attempt at saving themselves, G.C. Defendants attempt to rip Plaintiffs'

Original Complaint [Amended July 15, 2014] apart at the seams by recycling

and reusing [a now invalidated, as of Petitioner Tamah Jada Clark's September

30,2014 *Objection to Dismissal* rebuttal] claim taken from the *Final Report and*

*Recommendation* of Magistrate "Judge" Linda T. Walker of September 19,

2014—whom just so happens to be one of plaintiff Tamah Jada Clark's

faaaavorite people;— G.C. Defendants foolishly and laughably recite as

follows:

> *"There is no legal basis upon which Plaintiff Tamah Jada Clark had*
> *authority to file the present complaint on behalf of Jason Joseph Clark or*
> *["] Baby ["] Clark, The Plaintiffs' complaint was only signed by Tamah*
> *Jada Clark. [Doc. 3 p. 44]. Tamah Jada Clark purports to sign the*
> *complaint on behalf of all three of the plaintiffs. [Id]. Federal law and the*
> *Civil Local Rules of this Court generally allows only the person for whom*
> *relief is sought or a licensed and admitted lawyer to make pleadings and*
> *conduct cases in this Court. See 28 U.S.C. § 1654 and LR 83.1, NDGa."*

We, the Plaintiffs, have seen 28 U.S.C. § 1654 and LR 83.1, NDGa; G.C.

Defendants, **YOU** see 28 U.S.C. § 1654 and LR 83.1, NDGa. The former says that

*"In all courts of the United States the parties may plead and conduct their own*

*cases personally or by counsel as, by the rules of such courts, respectively, are*

*permitted to manage and conduct causes therein"* [emphasis added]; nowhere in

the applicable Code Section is the term "counsel" defined as a licensed attorney admitted to the Bar, as Magistrate Walker and now G.C. Defendants have bogusly tried to assert. This is because under the Organic Constitution, all American freemen can present their own cause or that of their brethren WITHOUT the need for any license because asserting *unalienable* **human rights** through access to American courts is a **RIGHT** and <u>NOT</u> a *privilege*. Plaintiff Tamah Jada Clark needs no license or other form of "permission" to come before this Court on her own behalf (or that of her child and husband) to assert *unalienable* **human rights** under the Constitution. Period.

Further, LR 83.1, NDGa only concerns itself with the various limitations that the Court has decidedly placed upon its officers[2]—that is, *licensed* attorneys (whom have been GRANTED the <u>privilege</u> of coming before the Court). Needless to say, said Local Rule does not apply to Plaintiffs and has NO effect upon Us, as Our coming before the Court is not a privilege, it is a RIGHT;—an *irrevocable* **right**. <u>AND **DON'T** FORGET IT!</u>

---

[2] "I do solemnly swear (or affirm) that I will support the Constitution of the United States; that I will bear true faith and allegiance to the Government of the United States; that I will maintain the respect due to the courts of justice and judicial offices; that I will well and faithfully discharge my duties **as an attorney and <u>officer of this court</u>**; and that I will demean myself uprightly and according to the law and the recognized standards of ethics of the legal profession. So help me God." [emphasis added]. <u>Local Rules of Civil Procedure, U.S.D.C. NDGa, 83.1(A)2(b).</u>

So, **WHO**, then, *"did not have authority to file a complaint"* to come before this court on behalf of another? **NOT** Plaintiff Tamah Jada Clark; she had and has inherent authority; it is **YOU**, G.C. Defendants that had to ask permission from your Boss. (Ha ha, ha!)

## SECTION III.

IN CONCLUSION, for all of the aforementioned reasons and many more, the G.C. Defendants are <u>NOT</u> entitled to the relief sought—their futile "arguments" and pointless "citations of authority" NOTWITHSTANDING.

For the **UNREPRESENTED** Plaintiffs,

*(Signed Thursday, October 2, 2014).*

Mrs. Tamah Jada Clark
6901-A N. 9th Ave #429
Pensacola Florida [32504]
(850) 512-6642
TamahJClark@gmail.com

## CERTIFICATION REGARDING PAGE AND TYPE LIMITATIONS

I, Mrs. Tamah Jada Clark, hereby certify that this Brief was written in 14-point Times New Roman font.

Mrs. Tamah Jada Clark
6901-A N. 9th Ave #429
Pensacola Florida [32504]
(850) 512-6642
TamahJClark@gmail.com

**Signed Thursday, October 2, 2014**

X: _____

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

| | | |
|---|---|---|
| **Jason Joseph Clark,** | ) | |
| **Tamah Jada Clark** (both on their own | ) | |
| behalf and that of "Baby" Clark), | ) | |
| | ) | |
| Plaintiffs | ) | 1:14-cv-02128-WBH |
| | ) | |
| v. | ) | **Civil Action No.**_____ |
| | ) | |
| DANIEL J. PORTER, et al., | ) | |
| | ) | |
| Defendants | | |

## CERTIFICATE OF SERVICE

## FOR

### PLAINTIFFS' MOTION TO DENY (AND BRIEF/MEMORANDUM IN SUPPORT THEREOF) DEFENDANTS' MOTION TO DISMISSS FOR FAILURE TO STATE A CLAIM

I, Mrs. Tamah Jada Clark for the UNREPRESENTED Plaintiffs, hereby affirm

that a true and correct copy of the above-mentioned **Plaintiffs' Motion** and

**Brief/Memorandum** (in support thereof) have been served on Attorney Douglas

Suart Morelli for defendants Gwinnett County, Gwinnett County Police

Department, Charles M. Walters, Butch Conway, Tracy Goodbar, and Jane Doe #1

(Christa Kendrick); at his last known address of :

**Attorney Douglas Stuart Morelli**
**75 Langley Drive**
**Lawrencevilla GA 30046**

In addition, the same true and correct copy of **Plaintiffs' Motion** and

**Brief/Memorandum** (in support thereof) has been provided to Attorney Deborah

Nolan Gore (for defendants Daniel Porter, Governor Nathan Deal, Judge Thomas

Davis Jr., Attorney General Sam Olens, Secretary of State Brian Kemp,

Commissioner Brian Owens, Warden Stanley Williams, D'Anna Liber, Brian

Bellamy, Georgia Department of Corrections, and the State of Georgia); as well

Attorney Raleigh W. Rollins (for defendants Mitchell County and Camilla Police

Department) at their last known addresses (respectively):

Attorney Deborah Nolan Gore       -AND-    Attorney Raleigh W. Rollins
40 Capitol Square, SW                      Alexander & Vann, LLP
Atlanta, Ga 30334-1300                     411 Gordon Avenue
                                           Thomasville, GA 31792

For the **UNREPRESENTED** Plaintiffs,

Mrs. Tamah Jada Clark                 **X:** _[signature: Tamah Jada Clark]_
Ph: (850) 512-6642
E-mail: TamahJClark@gmail.com         Signed Thursday, October 2, 2014
6901-A N. 9th Ave # 429
Pensacola, Fla [32504]