IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMAH JADA CLARK,
    Plaintiff,

v.

DANIEL J. PORTER, et al.,
    Defendants.

CIVIL ACTION NO.
1:14-CV-2128-WBH

## ORDER

This matter is before the Court for consideration of Defendants' motions to dismiss. [Docs. 30, 33, 34]. Plaintiff filed this action in July, 2014, purporting to assert the claims of her husband (or possibly boyfriend) Jason Joseph Clark and of her infant child. However, Mr. Clark did not sign the complaint, and a plaintiff proceeding pro se may not represent others. Accordingly, the claims brought on behalf of Mr. Clark and "Baby" Clark must be dismissed.

By way of background, this Court takes judicial notice of the following, which was gleaned from a perusal of various public records. Jason Joseph Clark was arrested in September, 2009, and ultimately convicted of aggravated assault, false imprisonment, cruelty to children, possession of marijuana with intent to distribute, and family violence battery. He received a combined thirty-year sentence, which he is currently serving at the Coffee Correctional Facility in Nichols, Georgia. A year later in September, 2010, Plaintiff was arrested near the jail where Mr. Clark was

AO 72A
(Rev.8/82)

being held, driving with a 1-year-old child, an AK-47 assault rifle, a .45 caliber pistol and numerous items for survival in the wilderness. She was arrested for conspiring to assist Mr. Clark in escaping from prison. It appears, however, that she might not have been convicted of these crimes.

In her amended complaint, Plaintiff first makes nonsensical statements regarding her status under the "organic natural Constitution of the **REPUBLIC**," [Doc. 3 at 3], appearing to assert that she is not a citizen of any nation or possibly that she is a citizen of the "territory" of Florida. It is not clear. Also not clear is the reason that Plaintiff deemed this information to be relevant to her purported causes of action.

Plaintiff next asserts that Mr. Clark, was wrongfully arrested, convicted, imprisoned, and placed into involuntary servitude all while suffering in "extreme, harsh conditions that are inhuman and degrading." [Doc. 3 at 12]. Plaintiff then details how her own rights were violated (as were the rights of her child) when she was repeatedly arrested. Plaintiff names a vast array of government officials as Defendants and asserts claims under various provisions of the United Nations Charter and the Constitution, and seeks both injunctive and compensatory relief.

As noted, Plaintiff proceeding pro se cannot pursue claims brought on behalf of Mr. Clark and her child. Even if she could, all of those claims, along with the claims that she brought on her own behalf, are subject to dismissal. There is no cause

of action in this Court under any document published by the United Nations. Accordingly, Plaintiff's only avenue of relief against state officials for her claims of constitutional violations is under 42 U.S.C. § 1983. The Georgia two-year statute of limitations for personal injury actions applies to actions brought pursuant to 42 U.S.C. § 1983 when the relevant events occurred in Georgia. Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986). In order for the complaint to be timely under the statute of limitations, Plaintiff must have filed it within two years of the events which give rise to her claims. As those events occurred in 2009 and 2010 and her complaint was filed in 2014, her claims are barred by the statute of limitation.

It is therefore **ORDERED** that Defendants' motions to dismiss, [Docs. 30, 33, 34], are **GRANTED** and the instant action is hereby **DISMISSED** as to all claims and all Defendants. For good cause shown, and in the absence of opposition, Defendants' motion for leave to file excess pages, [Doc. 29], is likewise **GRANTED**. The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED**, this 31 day of March, 2015.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE